# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* L.D.

No. 18-0253 (Barbour County 17-JA-1)

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father W.D., by counsel Aaron P. Yoho, appeals the Circuit Court of Barbour County's February 15, 2018, order terminating his parental rights to L.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Terri L. Tichenor, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights when less-restrictive alternatives were available and failing to have him transported to the adjudicatory hearing from his place of incarceration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2017, the DHHR filed a child abuse and neglect petition against petitioner and the mother, alleging that they exposed the child to domestic violence and drug abuse in the home. Specifically, the DHHR alleged that petitioner and the mother engaged in a domestic violence incident wherein petitioner grabbed the mother by her throat, screamed at her, and refused to allow her to leave. When petitioner did allow the mother to leave, he prohibited her from taking the child. Following this incident, the mother obtained a domestic violence protective order ("DVPO") against petitioner. The DHHR subsequently received a referral from Pennsylvania Child and Youth Services ("CYS"), which stated that petitioner and the mother had moved to Pennsylvania for a period of time, in violation of the DVPO, and that petitioner had been incarcerated due to an attempted armed robbery. CYS reported that police were called to petitioner's home several times due to domestic violence and that the mother had been

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

hospitalized as a result. Finally, CYS informed the DHHR that the mother and the children had moved back to West Virginia.

The circuit court held an adjudicatory hearing in April of 2017. Petitioner was not present due to his incarceration, but was represented by counsel. The circuit court took judicial notice of the DVPO and petitioner's criminal activity in Pennsylvania, and continued the hearing. The adjudicatory hearing was reconvened in September of 2017. Petitioner continued to remain incarcerated and was not present at the hearing, but was represented by counsel. The circuit court noted that petitioner had not been served and continued the hearing a second time.

The circuit court held a final adjudicatory and dispositional hearing in December of 2017. Petitioner was not present due to his incarceration, but was represented by counsel. The circuit court found that the parents took the child to Pennsylvania in violation of the DVPO, that petitioner committed serious crimes while there and was incarcerated, and that he abandoned the child through his incarceration. As such, the circuit court adjudicated petitioner as an abusing parent. Thereafter, the circuit court proceeded to the disposition of petitioner's parental rights. Due to the aggravated circumstances of petitioner having abandoned the child, the circuit court found that the child had no bond with petitioner and needed to obtain permanency. Accordingly, the circuit court found that it was in the child's best interest to remain in his current placement and terminated petitioner's parental rights. It is from the February 15, 2018, order that petitioner appeals.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights when less-restrictive alternatives were available. According to petitioner, the circuit court could

---

[2]The mother's parental rights were terminated below. The child has been placed in the home of a relative and the permanency plan is adoption therein.

have granted him a disposition pursuant to West Virginia Code § 49-4-604(b)(5), which provides, in part, that upon a finding that the parent is presently unwilling or unable to provide for the child's needs, a circuit court may "commit the child temporarily to the care, custody, and control of the state department, a licensed private child welfare agency, or a suitable person who may be appointed guardian by the court." Petitioner argues that granting him this disposition would have provided him the opportunity to address the conditions of abuse and/or neglect and develop a bond with the child. We disagree.

Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) clearly indicates that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child. . . .

The record demonstrates that there was sufficient evidence upon which to terminate petitioner's parental rights. Petitioner and his family fled to Pennsylvania, in violation of a DVPO, after CPS initiated an investigation surrounding the allegations of domestic violence in the home. Thereafter, petitioner was incarcerated in relation to allegations of armed robbery. As such, he was unable to successfully follow through with a family case plan and correct the conditions of abuse. Petitioner provided no anticipated release date from incarceration and, thus, it remains unknown at what time he could begin to address said issues.

Moreover, petitioner was unable to develop a bond with his child, who was less than two years old at the time. While petitioner argues that he should have been granted a less-restrictive alternative to the termination of his parental rights, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Petitioner demonstrated a pattern of violent behavior that led to his incarceration and prevented him from correcting the conditions of abuse and developing a bond with the child. Having reviewed the record, it is clear that there was no reasonable likelihood that petitioner could correct the conditions of abuse and

neglect in the near future and termination was necessary for the child's welfare. As mentioned above, circuit courts are directed to terminate parental rights upon such findings.

Petitioner next argues that the circuit court erred in failing to transport him to the adjudicatory hearing, which prevented him from having a meaningful opportunity to be heard. However, petitioner fails to cite to the record to demonstrate that he requested his transportation to the hearing or that such request was denied. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999)." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va. 818, 679 S.E.2d 650 (2009). Accordingly, we find that petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 15, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating